

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. 0-2757
Re: Payment of $3.00 fee required
by proviso in Sec. 2, Article
827-B, Vernon's Annotated Penal
Code of Texas

We acknowledge receipt of your letter of November 9,
1940, in which you request the opinion of this Department upon
the following questions:

"(1) In connection with the operation of motor vehicles
through or from this State for purpose of sale in another
State or for delivery after having been sold, would the
payment of the $3.00 fee required in Section 2 above quoted
apply (a) when a single vehicle operated under its own
power has been lawfully licensed in some other State for
the current registration year; (b) when a combination of
two vehicles, one towed behind the other, both of which
have been lawfully licensed in another State for the
current registration year; (c) if Question 1-b is answered
in the affirmative, would the $3.00 fee be payable on the
vehicle furnishing the motive power, as well as the vehicle
being towed; (d) if Question 1-a is answered in the affirma-
tive, would there be any conflict between Sections 2 and 3
of the above quoted Statutes insofar as a passenger-type
vehicle is concerned?

"(2) Considering the fact that every vehicle at one
time or another has been sold, re-sold or traded, under
what circumstances would the payment of the $3.00 fee
apply if either Questions 1-a or 1-b are answered in the
negative?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D. C. Greer, page 2

"(3) Would the payment of the $3.00 fee required under Section 2 above quoted apply when two vehicles, both properly registered in another State, one being towed behind the other, are transported through this State and no sale is contemplated?"

These questions are controlled by the following proviso quoted from Section 2, Article 827b, Vernon's Annotated Penal Code of Texas:

"Provided, however, none of the provisions of this section shall apply to or exempt the operator, owner or lessee of any motor vehicle being driven under its own power, or towed or otherwise transported by being attached or coupled to some other vehicle from or through this State over the highways thereof, for the purpose of sale, re-sale or trade in another state, or after having been sold, resold, or traded to any person, company, corporation, or association in another state, but each such motor vehicle shall be registered for the department through the county tax collector of the first county through which said motor vehicle passes after entering this State; or if moving from this state to another state, of the county from which said motor vehicle first moved, and a registration fee of $3.00 for each such vehicle shall be paid to said tax collector unless such motor vehicle has been previously registered with the department in lawful manner and license fees paid. . . ."

Whether or not a vehicle so operated through or within the State of Texas has been registered in another state for the current registration year is immaterial. We therefore answer your question 1 (a) in the affirmative. The above quoted provision of the statute provides that the fee is payable whether the vehicle is moving under its own power or is being towed or otherwise transported, which answers your question 1 (b) in the affirmative. For the same reason question 1 (c) is answered in the affirmative, it appearing from the statute that the $3.00 fee is payable upon each and every vehicle moved from or through this State, regardless of how it is moved.

Honorable D. C. Greer, page 3


No conflict appears between Sections 2 and 3 of Article 827b. Section 3 relates only to the temporary registration of a non-resident passenger car; if the passenger car is so operated as to fall within the quoted proviso of Section 2, Section 3 would have no application.

It is unnecessary to consider your question 2 since all three prior questions have been answered in the affirmative.

Your question 3 is again controlled by the provisions of Section 2, Article 827b. If no sale is contemplated the proviso quoted would have no application, since it specifically states that it applies only in the case of operation over the highways of Texas for the purpose of sale, resale or trade in another state or after having been sold, resold or traded to any person, company, corporation or association in another state.

We enclose copies of opinions Numbers 0-9, 0-754, 0-1893 and 0-2065, which relate to similar questions arising under Article 827b.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ross Carlton
Ross Carlton
Assistant

RC:AMM

ENCLOSURES


APPROVED DEC 13, 1940

ATTORNEY GENERAL OF TEXAS

